UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TRAFFIC SAFETY DEVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:02-CV-636 |
| | ) | (Varlan/Guyton) |
| SAFETY BARRIERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 78] of the Honorable Thomas A. Varlan, United States District Judge, for consideration and determination of the defendants' Motion to Bifurcate Trial. [Doc. 67]. The undersigned conducted a hearing on this motion on July 7, 2005.

The defendants Safety Barriers, Inc., C. Reed Davis, and Karen D. Davis move pursuant to Rule 42(b) of the Federal Rules of Civil Procedure for an Order bifurcating the punitive damages issues and evidence in this trial. [Doc. 67]. The plaintiff opposes the defendants' motion, arguing that bifurcation would unduly prejudice the plaintiff. [Doc. 74].

Rule 42(b) of the Federal Rules of Civil Procedure provides the Court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue . . . ." The decision to order separate trials is a matter "within the sound discretion of the trial judge." In re Beverly Hills Fire Litig., 695 F.2d 207, 216 (6th Cir. 1982).

In determining whether ordering separate trials is appropriate, the Court must consider several factors, including the "potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." Id. "Only one of these criteria need be met to justify bifurcation." Saxion v. Titan-C-Manufacturing, Inc., 86 F.3d 553, 556 (6th Cir. 1996).

The Court finds that trying the issue of punitive damages along with the liability issues would be unduly prejudicial to the defendant and potentially confusing to the jury. Bifurcation of the punitive damages issue would ensure that information regarding the defendant's current financial condition and current net worth – information which the plaintiff conceded is not relevant to any liability or compensatory damages issues in this case – would not be admitted during the liability phase of the trial. For these reasons, it is **RECOMMENDED**[1] that the District Judge bifurcate the trial of this matter and, if necessary, conduct a separate trial immediately following the first trial, and with the same jury, on the punitive damages issue.

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).