UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TRAFFIC SAFETY DEVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:02-CV-636 |
| ) | (Varlan/Guyton) |
| SAFETY BARRIERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The undersigned entered an Order on July 12, 2005 [Doc. 90], directing the parties to, among other things, "confer and attempt to prepare an Agreed Protective Order for Confidential Matters, which will prevent the dissemination and/or use of any party's financial and/or personal information outside of this litigation." The parties were given until July 22, 2005, to submit said Order to the Court or to advise the Court that they are unable to reach an agreement on the terms thereof.

On July 22, 2005, the plaintiff filed a Proposed "Agreed" Protective Order for Confidential Matters [Doc. 100], which was signed only by plaintiff's counsel. On August 1, 2005, the defendants submitted a "Stipulated" Protective Order [Doc. 101], which was signed only by defendants' counsel. Judge Varlan subsequently entered an Order [Doc. 103], noting that the parties had not fully complied with the undersigned's Order of July 12, 2005, and directing the parties to contact the undersigned's chambers if they are unable to resolve their dispute. [Doc. 103].

The parties, however, did not contact chambers as instructed by the District Judge.

Instead, the plaintiff filed a Memorandum in Support of Entry of Plaintiff's Version of Proposed Protective Order for Confidential Matters [Doc. 105], setting forth the reasons it contends support the entry of its version of the protective order. The defendants filed a response, opposing plaintiff's memorandum [Doc. 106], and the plaintiff filed a subsequent reply [Doc. 107].

The parties agree that the only real dispute remaining about the language of the protective order is whether the plaintiff's principal, David Wasserstrom, shall be permitted access to the defendants' financial and/or personal information that is designated as confidential under the terms of a protective order. The plaintiff argues that Mr. Wasserstrom should have access to this information, and that to restrict his access would work an extreme disservice to the plaintiff by effectively leaving counsel without any direct client contact person in the prosecution of the case or in the defense of the counterclaim. [Doc. 105]. The defendants counter that Mr. Wasserstrom should not have access to any of the defendants' financial or personal information unless and until the jury determines that punitive damages are appropriate because the parties are business competitors and that the production of such information to Mr. Wasserstrom would harm the defendants. [Doc. 106]. The plaintiff opposes the defendants' proposal to withhold such information from Mr. Wasserstrom, arguing that the defendants' past financial condition is relevant to the plaintiffs' claims of fraud and breach of contract. [Doc. 107].

A court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery may be had only on specified terms and conditions . . . ." Fed. R. Civ. P. 26(c)(2). "The Federal Rules of Civil Procedure allow exclusion of persons from discovery only in exceptional circumstances, and then only upon motion and order of the court." Skidmore v. Northwest Eng'g

2

Co., 90 F.R.D. 75, 76 (S.D. Fla. 1981) (denying defendant's request to exclude plaintiff's expert from depositions). The moving party must demonstrate good cause for such relief, and particularly, make a showing that such protection is necessary to protect a party from annoyance, embarrassment, oppression or undue burden or expense. Id.

In the present case, the defendants argue that the parties are competitors, and therefore, any production of financial or personal information would cause harm to the defendants. Furthermore, they argue that financial information would not be relevant unless and until a jury decides that an award of punitive damages is appropriate.

It appears that the plaintiff seeks both past and current financial information from the defendants. To the extent that the plaintiff seeks current financial information from the defendants, such information would be relevant only to the issue of punitive damages, if and when a jury determines that such damages are appropriate. Accordingly, the defendants shall be required to produce documents regarding their present financial condition to plaintiff's attorney only. Plaintiff's attorney may provide an opinion of the defendants' net worth to Mr. Wasserstrom, but Mr. Wasserstrom shall not be permitted to examine the supporting documentation regarding the defendants' current financial condition unless and until the jury determines that punitive damages are appropriate. With respect to information regarding the defendants' past financial condition or other personal information, the defendants have failed to show that disclosure of such information, pursuant to the terms of a protective order, would cause the defendants harm. Without deciding whether such information is relevant (an issue that is not currently before the Court), the Court finds that Mr. Wasserstrom should not be precluded from viewing this information should the same be produced in discovery.

Having resolved the remaining dispute between the parties regarding the protective order, the Court hereby **DIRECTS** the parties to submit a protective order to the Court, consistent with this opinion, within ten (10) days of the entry of this Order. If for some reason the parties are unable to agree on the remaining provisions of the protective order, the parties shall contact the undersigned by telephone.

**IT IS SO ORDERED**.

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge